**UNITED STATES of America,**

v.

**Pornpimol KANCHANALAK and Duangnet Kronenberg, Defendants.**

**Criminal No. 98–0241(PLF).**

United States District Court, District of Columbia.

Dec. 31, 1998.

Jonathan Biran, Campaign Finance Task Force, Criminal Division, Washington, DC, for U.S.

Reid Weingarten, Steptoe & Johnson, Washington, DC, James Hamilton, Swidler & Berlin, Washington, DC, for Defendants.

## MEMORANDUM OPINION AND ORDER

PAUL L. FRIEDMAN, District Judge.

This case is before the Court on defendants' Motion No. 1, to dismiss Counts 2–14 of the superseding indictment for failure to state an offense. Upon consideration of defendants' motion, the opposition of the government and defendants' reply, the Court will dismiss Counts 2–4 and 7–14. With respect to Counts 5 and 6, supplemental briefs would be helpful in determining whether the reasoning in *United States v. Hsia*, 24 F.Supp.2d 33 (D.D.C.1998), and *United States v. Trie*, 23 F.Supp.2d. 55 (D.D.C.1998), compels dismissal of these counts.

Counts 2–14 charge Ms. Kanchanalak and Ms. Kronenberg with "knowingly and willfully caus[ing] the submission of material false statements to the FEC, in that defendants caused the responsible officials of . . . political committees to file reports with the FEC that listed . . . individuals as having provided funds to such political committees . . . when, as defendants then and there well knew, the named individuals were not the actual sources of those funds," in violation of 18 U.S.C. §§ 1001 and 2(b). *See* Superseding Indictment at 24. The bulk of the government's extensive opposition to defendants' motion to dismiss is devoted to arguing that the Court should reconsider its decisions in *Hsia* and *Trie*. The Court declines that invitation.

The government cites the recent decision of Judge Audrey Collins in *United States v. Nichols*, Criminal No. 98–642, Opinion of De-

cember 7, 1998 (C.D.Cal.), as support for its argument that the Court should revisit its analysis and conclusions.[1] Contrary to the government's argument, the fact that Judge Collins dismissed the false statements counts in the case before her on facts similar to those presented in *Hsia* and *Trie* provides further support for the decisions of this Court. While Judge Collins dismissed the false statements counts on rule of lenity grounds, she specifically noted that the "Court's invocation of the rule of lenity mirrors the analysis in *Hsia*." *United States v. Nichols*, Criminal No. 98–642, Opinion of December 7, 1998 at 10 n. 6 (C.D.Cal.).

Counts 2–4 and 7–14 of the Superseding Indictment in this case are virtually indistinguishable from the allegations at issue in *Hsia* and *Trie*. For the reasons stated at great length in *Hsia*, and in abbreviated fashion in *Trie*, the Court will dismiss those counts. *See United States v. Hsia*, 24 F.Supp.2d at 53–63; *United States v. Trie*, 23 F.Supp.2d at 62–63.

The same reasoning may not compel dismissal of Counts 5 and 6. The false statements in *Hsia* and *Trie* were dismissed because it was nearly impossible to find conduct alleged in the indictment that could constitute any of the elements of a Section 1001 and 2(b) violation. In view of the First Amendment sensitivity of the area in which the indictments operate, it was "[t]he remoteness of [defendants' positions] in relation to the FEC, the case law with respect to 'literal truth,' the fact that a check is not a statement, and the willful intent hurdle [which] together make it impossible to conclude that Sections 1001 and 2(b) can be applied consistently with the Constitution to the conduct alleged here." *United States v. Hsia*, 24 F.Supp. 2d at 63.

The Court recognized, however, that there are instances in which Section 1001 alone or Section 1001 and 2(b) in combination can constitutionally be applied to alleged false statements made in connection with reports filed with the Federal Election Commission.

---

1. The government has provided the Court with an unsigned copy of the opinion of Judge Collins. *See* Opposition, Att. 1. The government has rep-

resented that Judge Collins signed the opinion in open court on December 7, 1998. *See* Opposition at 4 n. 2.

*See United States v. Hopkins,* 916 F.2d 207, 214–15 (5th Cir.1990); *United States v. Oakar,* 924 F.Supp. 232, 242–43 (D.D.C.1996), *aff'd in part, rev'd on other grounds,* 111 F.3d 146 (D.C.Cir.1997). In fact, the Court specifically noted:

> If Ms. Hsia or one of her co-conspirators had responded to the request from a political committee for additional information and had affirmatively stated that the conduit was the true contributor, they probably could have been charged with a violation of 18 U.S.C. § 1001 and 18 U.S.C. § 2(b), but under a slightly different theory. In that case, the response sent by Ms. Hsia and her co-conspirator would be an affirmative statement that the political committee essentially would directly relay to the FEC in its report. Assuming that Ms. Hsia knew that the political committee would relay her false statement to the FEC and that the other requirements for prosecution under Sections 1001 and 2(b) in the federal election context had been met, such a prosecution would be permissible.... In this case, however, Ms. Hsia and her co-conspirators remained silent and did not respond, as was their right.

*United States v. Hsia,* 24 F.Supp.2d at 60 n. 30.

In Counts 5 and 6, as the government points out, it at least is possible to draw an inference that Ms. Kanchanalak and Ms. Kronenberg made exactly the type of affirmative misrepresentations that the Court presaged in *Hsia.* Specifically, the indictment alleges that in order to achieve the status of DNC trustee, Ms. Kanchanalak allegedly was required either to make $50,000 in individual contributions or donations or to raise $100,000 in contributions or donations. Superseding Indictment at 6.[2] Ms. Kronenberg and Ms. Kanchanalak allegedly submitted a $15,000 check to the DNC that was imprinted and signed "P. Kanchanalak" and that was drawn on an account held by Ms. Kanchanalak's mother-in-law, Ms. Praitun Kanchana-

lak. *Id.* at 12. The indictment alleges that the source of those funds was Ban Chang International (USA), Inc. ("BCI USA"), a corporation organized under the laws of the Cayman Islands and of which Ms. Kanchanalak was a director, thirty percent shareholder and President. The check was accompanied by a memorandum from Ms. Kronenberg which allegedly stated:

> Enclosed please find a check for $15,000.00 payable to DNC (non-federal) as part of Ms. Kanchanalak's contribution to the DNC Trustee Program. As earlier discussed with you, the remaining $20,000 will be payable at the end of May 1994 which will conclude the total contribution of $50,000.

Superseding Indictment at 12–13. The circumstances surrounding the submission of this check and accompanying memorandum appear to form the basis for Count 5. *See id.* at 25.

With respect to Count 6, the indictment alleges that Ms. Kronenberg signed a check for $1,000 to Friends of John Glenn, for which she was reimbursed by BCI USA. Superseding Indictment at 13. On or about the same day, Ms. Kronenberg allegedly "provided Friends of John Glenn with information about herself on a form which noted that the requested information was 'required by the Federal Election Commission.'" *Id.* at 14. This contribution and/or statement by Ms. Kronenberg appears to form the basis for Count 6. *See* Superseding Indictment at 25. While the specific information that Ms. Kronenberg provided to Friends of John Glenn is not provided in the indictment, it appears that Ms. Kronenberg took a more affirmative step than merely signing her name to a check.

Under the reasoning articulated by the Court in *United States v. Hsia,* 24 F.Supp.2d at 60 n. 30, it is possible that Sections 1001 and 2(b) could constitutionally be applied to the conduct alleged in Counts 5 and 6.[3] Be-

---

**2.** These facts are alleged in Count 1, Conspiracy to Impair and Impede the FEC, and are incorporated by reference into the false statements counts. *See* Superseding Indictment at 24.

**3.** It appears that the only other allegation of an affirmative false statement to a political committee is an allegation in the conspiracy count that Ms. Praitun Kanchanalak, an unindicted co-conspirator, "signed a 'contributor information form' sent to her" by the Democratic State Cen-

cause the government devoted most of its opposition to arguing that the Court should revisit its prior decisions, however, it never articulated whether, how and why Counts 5 and 6 might survive the test set forth in *Hsia.* Furthermore, it may be that under the reasoning in *Hsia,* these counts would survive as to Ms. Kronenberg but not with respect to Ms. Kanchanalak. In fairness to the government, the Court is reluctant to rule on these two counts without the benefit of adequate briefing on this issue. Accordingly it is hereby

ORDERED that defendants' Motion No. 1, to Dismiss Counts 2–14 is GRANTED with respect to Counts 2–4 and 7–14; it is

FURTHER ORDERED that Counts 2–4 and 7–14 are DISMISSED; it is

FURTHER ORDERED that by January 8, 1999, the government shall provide a supplemental opposition setting forth any reasons *within* the framework set forth in *Hsia* and *Trie* that Counts 5 and 6 should not be dismissed. The supplemental opposition may provide further legal argument, particularly with respect to the impact on each defendant of the factual allegations described above in light of footnote 30 of *Hsia* and/or it may provide additional factual information in the nature of a limited bill of particulars; it is

FURTHER ORDERED that defendants shall file a supplemental reply or supplemental replies by January 14, 1999, with a copy hand-delivered to Chambers; and it is

FURTHER ORDERED that the parties shall be prepared to address these issues at the hearing scheduled for January 20, 1999 at 9:30 a.m.

SO ORDERED.

---

tral Committee of California when she was not the actual source of the funds. *See* Superseding Indictment at 10. That allegedly false statement does not appear to form the basis for any of the false statements counts.